## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | | |
|---|---|---|
| **NICHOLAS THOMSON,** | * | Case No. _____ |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **PETITION AT LAW** |
| **INTERNATIONAL PAPER CO.** | * | **AND JURY DEMAND** |
| **and LEON HOSPODARSKY,** | * | |
| **Individually and in his** | * | |
| **Corporate Capacities,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**COMES NOW** the Plaintiff, Nicholas Thomson, by and through his undersigned counsel, and for his cause of action against Defendants International Paper Co. and Leon Hospodarsky, Individually and in his Corporate Capacities, states as follows:

### PARTIES, VENUE & JURISDICTION

1.      Plaintiff Nicholas Thomson is and was at all times material hereto a citizen and resident of Cedar County, Iowa.

2.      Defendant International Paper Co. is a New York corporation with its home office in Memphis, Tennessee, and is authorized to do business in the State of Iowa.

3.      At all times material hereto, Defendant International Paper Co. owned and operated the International Paper Cedar River Mill facility in Cedar Rapids, Linn County, Iowa.

4.      Upon information and belief, Defendant Leon Hospodarsky is and was at all times material hereto a citizen and resident of Linn County, Iowa, who worked at International Paper's Cedar Rapids, Iowa facility.

EXHIBIT

B

5.      At all times material hereto, Defendant Leon Hospodarsky was a supervisory or managerial employee of Defendant International Paper Co. who personally participated in the unlawful actions described herein.

6.      The unlawful actions described herein occurred in Cedar Rapids, Linn County, Iowa.

7.      The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Linn County.

## CONDITIONS PRECEDENT

8.      Within 300 days of the date of the last act of discrimination, Plaintiff filed a charge of disability discrimination against Defendants with the Iowa Civil Rights Commission, which was cross-filed with the Equal Employment Opportunity Commission.  A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

9.      On January 28, 2020, the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto as Exhibit B.

10.     Plaintiff has complied with all conditions precedent to the filing of this cause of action.

### COUNT I:  DISABILITY DISCRIMINATION
**The Iowa Civil Rights Act, Iowa Code Chapter 216**
*Thomson v. International Paper Co. and Hospodarsky*

11.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

12.     Plaintiff Nicholas Thomson ("Thomson") began employment with Defendant International Paper Co. in Cedar Rapids, Iowa on approximately September 22, 2014.

13.     Thomson was hired to work as a Core I Process Team Member.

2

14.     Thomson successfully progressed through five "levels" of the Core I Process Team Member position by December 2016.

15.     Thomson applied and was interviewed for a promotion to a Core 2 Process Team Leader three times:  in 2015, in 2016 or 2017, and in April 2019.

16.     Only employees who meet the qualifications for the Core 2 Process Team Member position are granted interviews.

17.     Thomson met the qualifications for the Core 2 Process Team Member when he applied and was interviewed for the position in 2015 and in 2016 or 2017.

18.      Thomson met the qualifications for the Core 2 Process Team Member when he applied and was interviewed for the position in April 2019.

19.      At all times material hereto, Thomson's direct supervisor was Defendant Leon Hospodarsky ("Hospodarsky").

20.     As Thomson's supervisor, Hospodarsky had the authority to direct Thomson's job duties and otherwise control Thomson's work schedules and conditions of employment.

21.     As Thomson's supervisor, Hospodarsky had the authority to discipline Thomson as needed.

22.     Thomson was diagnosed with ulcerative colitis in 2007 and suffers from the symptoms associated with this impairment to this day.

23.     Ulcerative colitis is an inflammatory bowel disease that causes long-lasting inflammation and ulcers in the digestive tract.  It can be debilitating and sometimes lead to life-threatening complications.

24.     Ulcerative colitis is an impairment of the digestive system.

3

25.     Due to his ulcerative colitis, Thomson is substantially limited in the functioning of his digestive system.

26.     Thomson is an individual with a disability as defined in the Iowa Civil Rights Act, Iowa Code Chapter 216.

27.     Thomson requested reasonable accommodations for his disability in the form of occasional time off of work because of his disability.

28.     At all times material hereto, Hospodarsky knew of Thomson's disability.

29.     Hospodarsky repeatedly harassed Thomson about taking time off work for his disability and accused Thomson of lying about the reason why he could not work when he missed work due to his disability.

30.     Hospodarsky also treated Thomson less favorably than Thomson's co-workers by subjecting Thomson to greater scrutiny and assigning Thomson extra job duties and less desirable tasks.

31.     Hospodarsky participated in the decision not to promote Thomson when Thomson first applied and was interviewed for the Core 2 Process Team Member position in 2015.

32.     Hospodarsky participated in the decision not to promote Thomson when Thomson applied and was interviewed for the Core 2 Process Team Member position again in 2016 or 2017.

33.     Hospodarsky participated in the decision not to promote Thomson when Thomson again applied and was interviewed for the Core 2 Process Team Member position in April 2019.

34.     Thomson's disability was discussed during the decision-making process for the April 2019 promotion for which Thomson applied and was interviewed.

35.     Thomson's disability was a factor in the decision not to promote Thomson in 2019.

4

36.     Thomson's disability was also a factor in the decision not to promote Thomson the prior two times he had applied and interviewed for the promotion.

37.     Defendants are "persons" as defined by the Iowa Civil Rights Act, Iowa Code Chapter 216.

38.     Defendants discriminated against Thomson in violation of the Iowa Civil Rights Act by failing to promote Thomson because he has a disability.

39.     Defendants violated the Iowa Civil Rights Act by retaliating against him for requesting reasonable accommodations for his disability.

40.     Defendants discriminated against Thomson in violation of the Iowa Civil Rights Act by treating Thomson less favorably than his coworkers because of his disability.

41.     Defendants constructively discharged Thomson because of his disability in violation of the Iowa Civil Rights Act.

42.     As a proximate cause of Defendants' illegal actions, Thomson has been damaged.

**WHEREFORE** the Plaintiff, Nicholas Thomson, respectfully prays that this Court enter judgment against Defendants International Paper Co. and Leon Hospodarsky,  Individually and in his Corporate Capacities, and award damages, including damages for emotional distress, mental anguish, compensatory relief, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT II:  DISABILITY DISCRIMINATION**
**The Americans with Disabilities Act, As Amended**
**42 U.S.C. § 12101 *et seq.***
***Thomson v. International Paper Co.***

43.     Thomson repleads the allegations set forth above as if fully set forth herein.

44.     Thomson is an individual with a disability as defined in the Americans with Disabilities Act, As Amended ("ADAAA").

5

45.    International Paper Co. is an employer as defined in the ADAAA.

46.    Defendant discriminated against Thomson in violation of the ADAAA by failing to promote Thomson because of his disability.

47.    Defendant violated the ADAAA by retaliating against Thomson for requesting reasonable accommodations for his disability.

48.    Defendants discriminated against Thomson in violation of the ADAAA by treating Thomson less favorably than his coworkers because of his disability.

49.    Defendants constructively discharged Thomson because of his disability in violation of the ADAAA.

50.    As a proximate cause of Defendant's illegal actions, Thomson has been damaged.

**WHEREFORE** the Plaintiff, Nicholas Thomson, respectfully prays that this Court enter judgment against the Defendant International Paper Co. and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT III:  RETALIATION**
**Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.***
***Thomson v. International Paper Co. and Hospodarsky***

51.    Thomson repleads the allegations set forth above as if fully set forth herein.

52.    Defendants are employers within the meaning of the FMLA.

53.    Thomson qualified for FMLA leave during his employment with Defendants.

54.    Thomson applied and was approved for intermittent FMLA leave during his employment with Defendants.

6

55.     Thomson notified Hospodarsky, his supervisor, of his need for intermittent FMLA leave as the need arose.

56.     Defendants retaliated against Thomson for taking FMLA leave by harassing him about taking time off and falsely accusing Thomson of lying about his need for FMLA leave.

57.     Defendants retaliated against Thomson for taking FMLA leave by treating him less favorably than his coworkers because he had taken FMLA leave.

58.     Defendants retaliated against Thomson by failing to promote him because he had taken FMLA leave.

59.     Defendants unlawfully retaliated against Thomson because he exercised his rights under the FMLA.

60.     Defendants constructively discharged Thomson in violation of the FMLA.

61.     As a result of Defendants' conduct, Thomson has been damaged.

**WHEREFORE** the Plaintiff, Nicholas Thomson, respectfully prays that this Court enter judgment against Defendants International Paper Co. and Leon Hospodarsky,  Individually and in his Corporate Capacities, and award damages for lost wages, lost benefits, liquidated damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT IV:  DEFAMATION**
*Thomson v. International Paper Co. and Hospodarsky*

62.     Thomson repleads the allegations set forth above as if fully set forth herein.

63.     Hospodarsky made statements to others that Thomson had lied about his disability being the reason why he missed work on at least one occasion.

64.     Hospodarsky's allegations that Thomson was a liar had a natural tendency to injure Thomson's reputation and to expose Thomson to public hatred, contempt or ridicule.

7

65.    Hospodarsky's statements that Thomson was a liar constituted defamation *per se.*

66.    Hospodarsky's statements that Thomson was lying about missing work due to his disability were made with knowledge of falsity or reckless disregard for the truth.

67.    Hospodarsky had supervisory responsibility over Thomson.

68.    Hospodarsky made these defamatory statements about Thomson in the scope of his employment as Thomson's supervisor.

69.    Hospodarsky's defamatory statements were a factor in Defendants' decision not to promote Thomson.

70.    As a proximate cause of Defendants' actions, Thomson has been damaged. Specifically, Thomson has suffered damage to his reputation, emotional distress, humiliation, embarrassment, and financial losses.

**WHEREFORE** the Plaintiff, Nicholas Thomson, respectfully prays that this Court enter judgment against Defendants International Paper Co. and Leon Hospodarsky,  Individually and in his Corporate Capacities, and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

71.    Thomson hereby requests trial by jury in this matter.

Respectfully Submitted,

By: /s/ Melissa C. Hasso
Melissa C. Hasso  AT0009833
By: /s/ Emily E. Wilson
Emily E. Wilson AT0013860
SHERINIAN & HASSO LAW FIRM

8

521 E. Locust Street, Suite 300
Des Moines, IA 50309
Telephone: (515) 224-2079
Facsimile:  (515) 224-2321
Email:  mhasso@sherinianlaw.com
          ewilson@sherinianlaw.com
ATTORNEYS FOR PLAINTIFF

9

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

ICRC CP# 05-19-J73499 (AGENCY USE ONLY)

Local Commission#

EEOC# 26A-2019-00535C

Iowa Civil Rights Commission
400 East 14th Street
Des Moines, Iowa 50319-0201

(PLEASE TYPE OR PRINT LEGIBLY)

---------------------SECTION 1 • COMPLAINANT INFORMATION---------------------

Your legal name: Nicholas Tyler Thomson

Your mailing address: 1612 Cedar - Cedar Bluff street

City: Tipton          State: IA     Zip Code: 52772

Telephone #: 319-551-9584

Email address: NThomson1984@Gmail.com

Your date of birth: 11-02-1984          Your sex/gender: male

Have you previously filed this complaint with any other federal, state, or local anti-discrimination
agency?        ☐ Yes        ☒ No

If yes, what agency? _____ When? _____

---------------------SECTION 2 • DISCRIMINATION INFORMATION---------------------

1. Please indicate the **AREA(S)** in which the discrimination occurred.

(Employment)              Public Accommodation          Housing
Education                 Credit                        Retaliation

2. Please indicate the **ACTION(S)** that the organization took against you.

Demotion
Denied Accommodation or Modification
Denied Benefits
Denied Financial Services/Credit
Denied Service
Discipline
Eviction
Failure to Hire
(Failure to Promote)
Failure to Rent
Failure to Recall
Failure to Train
Forced to Quit/Retire
(Harassment)
Layoff
Reduced Hours
Reduced Pay

Sexual Harassment
Suspension
Termination
Undesirable Assignment/Transfer
Unequal Pay

RECEIVED 2019 MAY 9 AM 10: 11 IOWA CIVIL RIGHTS COMM

EXHIBIT
A

Other: _____

3. Please indicate the BASIS(ES) or reasons for the discrimination.

   a. Do you believe you were discriminated against because of your race? _NO_

     If yes, what is your race? _____

   b. Do you believe you were discriminated against because of your skin color? _NO_

     If yes, what is your skin color? _____

   c. Do you believe you were discriminated against because of your national origin? _NO_

     If yes, what is your national origin? _____

   d. Do you believe you were discriminated against because of your sex? _NO_

     If yes, what is your sex? _____

   e. Do you believe you were discriminated against because of your sexual orientation? _NO_

     If yes, what is your sexual orientation? _____

   f. Do you believe you were discriminated against because of your gender identity? _NO_

     If yes, what gender do you identify as? _____

   g. Do you believe you were discriminated against because of a real or perceived disability? _YES_

     If yes, what is your real or perceived disability? _Colitis, medical condition_

   h. Do you believe you were discriminated against because of your religion or creed? _NO_

     If yes, what is your religion or creed? _____

   i. Do you believe you were discriminated against because of your pregnancy or pregnancy - related condition?
     _No_

   j. If your complaint involves employment or credit, do you believe you were discriminated against because of your age? _____

     If yes, do you believe you were discriminated because you are older or because you are younger?
     _____

   k. If your complaint involves housing or credit, do you believe you were discriminated against based on your familial status? _NO_

     If yes, how many children live with you? _____

   l. If your complaint involves credit, do you believe you were discriminated against based on your marital status?
     _NO_

     If yes, what is your marital status? _____

   m. Do you believe you were retaliated against because you reported discrimination to someone within the organization, filed a complaint with the ICRC, or participated as a witness in an anti-discrimination agency proceeding? _NO_

     If yes, what did you report or complain about, and to whom?

     _____

     _____

     State what happened to you as a result of your report or complaint.

     _____

RECEIVED 2019 MAY -9 AM 11: IOWA CIVIL RIGHT COM.

Grimes State Office Building, 400 E. 14th Street, Des Moines, Iowa 50319-1004
515 281-4121 / 1-800-457-4416 / Fax 515 242-5840
https://icrc.iowa.gov

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED):
4-09-2019

5. If Employment is the Area, what is your hire date or application date? September 2014

6. Are you still employed by the organization that discriminated against you? ☒ Yes ☐ No

If no, when did your employment end? _____ (month, day, year)

If no, how did your employment end?

☐ Terminated          ☐ Voluntary Quit          ☐ Forced to Quit/Retire

------------------------------SECTION 3 • RESPONDENT INFORMATION------------------------------

7. What is the full legal name of the organization that discriminated against you?
[This organization will be charged with discrimination and given a copy of your complaint.]
International Paper Cedar River Mill
Address: 4600 C ST SW
City: Cedar Rapids          County: Linn          State: IA
Zip Code: 52404          Telephone #: ( 319 ) 365 - 2100

8. If the organization listed in #7 has a parent organization or corporate office, list it here.
[This organization will also be charged with discrimination and given a copy of your complaint.]

Address: 6400 Poplar Ave
City: Memphis          State: Tennessee
Zip Code: 38120          Telephone #: ( 901 ) 419 - 9000

9. Provide the address of the location where the discrimination occurred:
4600 C ST SW  Cedar Rapids IA

10. If you are claiming harassment, identify the individual(s) who harassed you.   These individuals will be charged with discrimination and will be given a copy of your complaint.
Note: Individuals cannot be named as respondents in complaints in the Area of Education
Name: Leon Hospodursky          Job Title: Team Lead
Work or Home Address: 4600 C ST SW Cedar Rapids
Name: _____          Job Title: _____
Work or Home Address: _____

If more than two individuals, please list by name, job title, and address on an attached piece of paper.

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):
☐ 4-14     ☐ 15-19     ☐ 20-100     ☐ 101-200     ☐ 201-500     ☒ 500+

------------------------SECTION 4 • BRIEF SUMMARY OF ALLEGATIONS------------------

Please describe what happened to you. State how you were discriminated against. What happened? When did it happen? Be sure to address each Action you checked on page one and each Basis you addressed on page two. *[Please read the instruction sheet before writing your brief summary.]*

I Have been fighting colitis now for about 2 years. I have missed quite a few days of work because of it. I am currently a Core 1 employee. They have had openings for Core 2 positions at work, so I applied for one of them. This was the third time. On April 9th at 9:00 am I had my interview. At about 1:45 pm that night on the way home I was informed I didn't recive one. On April 20th I received feedback from one of my team leads named Ben Markland. He gave me my feedback, and it all seemed odd and wasn't adding up. I felt like there was more to it than just that. I looked right at him and asked if my medical was brought up and my time I had missed was. He looked right at me and said yes it was. This was not suppose to be part of deciding who gets promoted. I left after done talking with him and talked with other team members, and they informed me that it was brought up prior to the promotion interviews. I had a meeting on 5-06-19 with Derek, who is the mill manager. We discussed what happened and said he already talked to HR and Ben Markland. He also said it wasn't supposed to be brought up and talked about. This is the second time this has happened and nothing has been done. It is to the point that Im looking for another job.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the United States of America that the preceding charge is true and correct.

X _____
Signature of Complainant (REQUIRED)

5-08-19
Date

It is not necessary that you provide any additional documentation at this time. Be aware that any additional documentation provided with your complaint form will be sent out to all named parties along with this form. An opportunity to provide additional documentation will be given at a later time if/when the complaint is accepted by the ICRC.

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
| --- | --- | --- |
| NICHOLAS THOMSON<br>1612 CEDAR-CEDAR BLUFF STREET<br>TIPTON, IA 52772 | )<br>)<br>)<br>)<br>)<br>) | Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |

Complaint CP# 05-19-73494     EEOC# 26A-2019-00539C

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 1/28/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    MELISSA HASSO, Complainant's Attorney
    RUSSELL W. JACKSON, Respondent's Attorney
    INTERNATIONAL PAPER CEDAR-RIVER MILL
    INTERNATIONAL PAPER CEDAR-RIVER MILL
    LEON HOSPODURSKY, TEAM LEAD

EXHIBIT
B