# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

NICHOLAS THOMSON,

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY, et al.,

    Defendants.

No. C20-37-LTS

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

## I. INTRODUCTION

This case is before me on a partial motion (Doc. No. 5) to dismiss by defendants International Paper Company (IPC) and Leon Hospodarsky. Defendants seek to dismiss Count III (Retaliation under the Family Medical Leave Act (FMLA)) against Hospodarsky and Count IV (Defamation) against both defendants. Plaintiff Nicholas Thomson has filed a resistance (Doc. No. 7) and defendants have filed a reply (Doc. No. 12). I find that oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

Thomson filed a petition at law and jury demand in the Iowa District Court for Linn County on February 11, 2020. Defendants removed the case to this court on March 16, 2020, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Doc. No. 1. In his petition (Doc. No. 3), Thomson alleges that he suffers from ulcerative colitis and that his employer discriminated and retaliated against him based on his disability. He asserts the following claims:

- Count I - Disability discrimination under the Iowa Civil Rights Act (against both defendants)

- Count II – Disability discrimination under the Americans with Disabilities Act (against IPC)

- Count III – Retaliation under the FMLA (against both defendants)

- Count IV – Defamation (against both defendants)

*See* Doc. No. 3.

Defendants argue that Count III (Retaliation under the FMLA) fails to state a claim against Hospodarsky because Hospodarsky was not Thomson's "employer" under the FMLA. They argue that Count IV (Defamation) fails to state a claim because the alleged statement constitutes an opinion.

### III. FACTUAL ALLEGATIONS

The petition includes the following factual allegations:

Thomson began employment with IPC on approximately September 22, 2014, as a Core I Process Team Member. *See* Doc. No. 3 at 2-3. He successfully completed five "levels" of this position by December 2016 and applied for a promotion to a Core 2 Process Team Member on three occasions: in 2015, in 2016 or 2017 and in April 2019. *Id.* at 3. Only employees who meet the qualifications of the position are granted interviews. Thomson was interviewed all three times he applied. *Id.*

At all material times, Hospodarsky was Thomson's direct supervisor. *Id.* Hospodarsky had the authority to direct his job duties and control his work schedule and conditions of employment. He also had authority to discipline Thomson. *Id.*

Thomson was diagnosed with ulcerative colitis in 2007 and suffers from symptoms to this day. *Id.* Ulcerative colitis is an inflammatory bowel disease that causes long-lasting inflammation and ulcers in the digestive tract. *Id.* It can be debilitating and sometimes lead to life-threatening complications. *Id.* Thomson requested reasonable accommodations for his disability in the form of occasional time off work. *Id.* at 4. Hospodarsky knew of Thomson's disability and "repeatedly harassed Thomson about

taking time off work for his disability and accused Thomson of lying about the reason why he could not work when he missed work due to his disability." *Id.* Hospodarsky also treated Thomson less favorably than other employees by subjecting Thomson to greater scrutiny and assigning him extra job duties and less desirable tasks. *Id.* Hospodarsky participated in each of the decisions not to promote Thomson to the Core 2 Process Team Member. *Id.* Thomson's disability was discussed during the decision-making process for the April 2019 promotion and his disability was a factor in the decision not to promote him each of the three times. *Id.* at 4-5.

With regard to Count III, Thomson alleges he was qualified for FMLA leave during his employment with IPC. *Id.* at 6. He applied and was approved for intermittent FMLA leave during his employment and informed Hospodarsky of his need for intermittent leave. *Id.* at 6-7. However, defendants retaliated against him for taking FMLA leave by harassing him for taking time off and falsely accusing him of lying about his need for FMLA leave. *Id.* at 7. They also treated him less favorably than other employees and retaliated against him by failing to promote him. Thomson alleges he was constructively discharged in violation of the FMLA. *Id.*

With regard to Count IV, Thomson alleges Hospodarsky made statements to others that Thomson had lied about his disability being the reason why he missed work on at least one occasion. *Id.* He claims that Hospodarsky's statements that Thomson was a liar constitute defamation per se and that such statements were made with knowledge of falsity or reckless disregard for the truth. *Id.* at 8. He alleges that Hospodarsky made these statements in the scope of his employment as Thomson's supervisor and that the statements were a factor in defendants' decision not to promote Thomson. *Id.*

## IV. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir.

4

2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment." *McMahon v. Transamerica Life Ins.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes," pursuant to Federal Rule of Civil Procedure 10(c). Thus, when the pleadings necessarily embrace certain documents, I may consider those documents without turning a motion to dismiss into a motion for summary judgment. *Id.* These documents include "exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

# V. ANALYSIS

## A. Count III – Retaliation Under the FMLA

Defendants argue that Hospodarsky is not an "employer" under the FMLA. The FMLA definition of employer includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii). Defendants note that because the FMLA definition of "employer" is nearly identical to the definition under the Fair Labor Standards Act (FLSA), courts refer to the FLSA and related cases for guidance when interpreting the FMLA. Specifically, defendants explain that courts use the FLSA's "economic realities" test to determine whether an individual should be considered an employer under the FMLA. This test evaluates whether the alleged individual: (1) had the power to hire or fire the employee; (2) supervised or controlled the employee work schedules; (3) determined the rate and method of payment; and (4) maintained employment records. *See Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961).

Defendants argue that Thomson has alleged only conclusory statements without factual specificity that should be ignored in determining whether Hospodarsky meets the definition of employer under this test. They also note Thomson does not allege Hospodarsky was the ultimate decision-maker with respect to the promotion decisions, or that he had the power to hire or fire Thomson, was responsible for determining the rate or method of payment to Thomson or that he maintained any employment records. Defendants argue the FMLA retaliation claim against Hospodarsky should be dismissed based on the lack of factual allegations as to these "economic reality" factors.

Thomson responds that he has pleaded sufficient facts to allege that Hospodarsky is an "employer" under the FMLA's broad definition. He notes that while the Eighth Circuit has applied the FLSA "economic realities" test to construe the term "employee" under the FMLA, it has not yet applied the test to determine a supervisor's individual liability. He contends it is not necessary to plead facts related to the economic realities test factors because the overriding consideration in FMLA cases involving supervisor

6

liability is whether the supervisor had sufficient authority over the employee and was responsible in whole or in part for the FMLA violation at issue. *See* Doc. No. 7-1 at 5 (citing *Whitney v. Franklin Gen. Hosp.*, No. C13-3048-MWB, 2015 WL 1809586, at *10 (N.D. Iowa Apr. 21, 2015)). Alternatively, Thomson argues it would be premature to dismiss the FMLA claim against Hospodarsky without the benefit of discovery. Because the determination of whether Hospodarsky is an "employer" is a fact-intensive inquiry (whether evaluated under the economic realities test or otherwise), Thomson argues that he should receive the benefit of full discovery as to Hospodarsky's actions and the impact he had on the decision to reject Thomson for promotion.

The parties appear to agree that supervisors may be considered employers under the FMLA, but disagree whether Thomson's allegations, when taken as true, are sufficient to establish that Hospodarsky was such a supervisor. The FMLA definition of "employer" is broad and has been subject to various interpretations and tests in determining whether supervisors may be individually liable.[1] Case law reveals the determination is highly dependent on the factual circumstances of each case. Courts have considered factors such as the individual's position in the company (corporate officer, shareholder, level of supervisor), control over various aspects of the workplace, control over areas related to the alleged violation and whether the individual was a final decisionmaker, amongst other factors. *See, e.g.*, *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003) (concluding officers and owners of corporations may be deemed employers under the FLSA where "the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions."); *Haybarger v. Lawrence Cnty. Adult Probation and Parole*,

---

[1] *See* Sandra F. Sperino, *Chaos Theory: The Unintended Consequences of Expanding Individual Liability Under the Family and Medical Leave Act*, 9 Emp. Rts. & Emp. Pol'y J. 175, 177, 209 (2005) (noting there are at least seven different tests used by courts in determining individual liability under the FMLA).

7

667 F.3d 408, 418-19 (3d Cir. 2012) (concluding supervisor was considered employer because he exercised substantial authority over termination decision even though he lacked final authority to dismiss plaintiff, but also exercised significant control over other aspects of employment including preparing annual performance reviews and imposing discipline); *Graziadio v. Culinary Inst. of America*, 817 F.3d 415, 423 (2d Cir. 2016) (concluding rational trier of fact could find director of human resources was employer under the FMLA because she played an important role in decision to fire plaintiff and exercised control over plaintiff's schedule and conditions of employment); *Rideau v. Lafayette Health Ventures, Inc.*, 381 F. Supp. 3d 709, 718-19 (W.D. La. 2019) (concluding individual supervisor was not employer under FMLA because he did not have almost exclusive and unfettered control over the terms and conditions of plaintiff's employment or ability to take FMLA leave and did not have the power to act on behalf of defendant as to its employees).

The Eighth Circuit has not adopted the "economic realities" test for determining whether a supervisor is an employer under the FMLA. Therefore, Thomson has not failed to allege "necessary elements" to establish that Hospodarsky is an employer under the FMLA. *See* Doc. No. 12 at 4. Even if the "economic realities" test is appropriate, that test is based on the totality of the circumstances and the relevant facts have not been fully developed. It would be premature to conclude, at this time, that Thomson has failed to establish that Hospodarsky is an employer under the FMLA. *See Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 475-76 (S.D.N.Y. 2011) (concluding that whether a supervisor is an employer "is a factual inquiry that does not bear on the sufficiency of the pleadings" and that to survive a motion to dismiss, plaintiff "need not allege sufficient facts to satisfy the economic reality test; instead, he must simply 'plead that the proposed Individual Defendants had substantial control over the aspects of employment alleged to have been violated.'") (quoting *Augustine v. AXA Fin., Inc.*, No. 07-CV-8362, 2008 WL 5025017, at *3-4 (S.D.N.Y. Nov. 24, 2008)).

Thomson has alleged that Hospodarsky was his direct supervisor, had authority to direct Thomson's job duties, control his work schedules and conditions of employment and discipline Thomson. *See* Doc. No. 3 at 3. He also alleges that Hospodarsky "participated" in the decisions not to promote Thomson. *Id.* at 4-5. These allegations provide some basis, at the pleadings stage, for establishing that Hospodarsky is an employer under the FMLA. *See Cordova v. New Mexico*, 283 F. Supp. 3d 1028, 1040 (D.N.M. 2017) ("Plaintiff is not required to specifically allege all facts relevant to the individual defendants' authority, especially when the factual record has not yet been developed through discovery."). Defendants' motion to dismiss Count III against Hospodarsky is denied.

## B.   *Count IV – Defamation*

Defendants argue Thomson's defamation claim fails because Hospodarsky's alleged statements, even if made, were statements of opinion and are therefore actionable under Iowa law only if they implied a provably false fact or relied upon stated facts that are provably false. Doc. No. 5-1 at 5 (citing *Yates v. Iowa West Racing Ass'n*, 721 N.W.2d 762, 771 (Iowa 2006)). Thomson has alleged that "Hospodarsky made statements to others that Thomson had lied about his disability being the reason why he missed work on at least one occasion." *See* Doc. No. 3 at 7. He also alleges that Hospodarsky's statements constitute defamation per se. *Id.* at 8.

Thomson argues that the Iowa Supreme Court has held that calling another individual a liar constitutes defamation per se. Doc. No. 7-1 at 9-10 (quoting *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 46 (Iowa 2018)). He contends Hospodarsky's statements constitute an "objectively verifiable event," supporting a finding that the statements were defamatory and not an opinion. *Id.* at 11. Even if Hospodarsky's statements could constitute opinion, Thomson argues that the four-factor totality of the circumstances analysis used to distinguish factual statements from opinions

9

should be conducted on a full factual record rather than on a pre-discovery motion to dismiss. *Id.* at 11-12.

Defamation per se includes statements that have "a natural tendency to provoke the plaintiff to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse." *Schlegal v. Ottumwa Courier, a Div. of Lee Enterprises, Inc.*, 585 N.W.2d 217, 222 (Iowa 1998) (quoting *Johnson v. Nickerson*, 542 N.W.2d 506, 510 (Iowa 1996)). Examples of defamation per se statements "include an attack on the integrity and moral character of a party or an accusation that a person is a liar." *Id.* (citing *Vinson v. Linn-Mar Community Sch. Dist.*, 360 N.W.2d 108, 116 (Iowa 1984)). In *Vinson*, the court concluded that a statement that an employee was fired for making incorrect entries on her timecard could reasonably be taken as imputing dishonesty to the employee and could therefore be understood as defamatory per se. *Vinson*, 360 N.W.3d at 116; *see also Wilson v. IBP, Inc.*, 558 N.W.2d 132, 140 (Iowa 1996) (concluding statement regarding plaintiff's alleged untruthfulness about his condition and existence of videotape proving such (when videotape did not, in fact, exist) could be reasonably understood as imputing dishonesty to plaintiff). "If a statement is defamatory per se, the elements of falsity, malice, and injury are legally presumed and the statement is actionable without proof of the same." *Bandstra*, 913 N.W.2d at 46-47 (citing *Schlegel*, 585 N.W.2d at 222).

Whether a statement is an opinion protected by the First Amendment depends on the totality of the circumstances. *Jones v. Palmer Comm'cns, Inc.*, 440 N.W.2d 884, 891 (Iowa 1989) (citing *Janklow v. Newsweek, Inc.*, 788 F.2d 1300, 1305 n.7 (8th Cir. 1986)). The Iowa Supreme Court has incorporated the following four factors from the Eighth Circuit for distinguishing fact from opinion: (1) the precision and specificity of the disputed statement; (2) verifiability of the statement; (3) literary and social context in which the statement was made and (4) the public context in which the statement was made. *Id* at 891-92 (citing *Janklow*, 788 F.2d at 1302).

As with the issue of whether Hospodarsky was an employer under the FMLA, I find that this argument for dismissal is premature. Thomson has alleged that Hospodarsky made statements to others that Thomson lied about his disability being the reason why he missed work on at least one occasion. Doc. No. 3 at 7. Thomson's allegations are sufficient, at the pleadings stage, to state a claim of defamation per se under Iowa law. Defendants' motion to dismiss Count IV is denied.

## VI. CONCLUSION

For the reasons stated herein, defendants' partial motion (Doc. No. 5) to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 13th day of May, 2020.

_____
Leonard T. Strand, Chief Judge